# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Dutcher, | )<br>) CV-08-15-TUC-DCB-DTF |
| Petitioner, | ) |
| vs. | ) **REPORT & RECOMMENDATION** |
| Charles Ryan, et al., | ) |
| Respondents. | ) |

Petitioner Robert William Dutcher, presently incarcerated at the Arizona State Prison - Eyman Meadows Unit, in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Dkt. 1), Respondents' Answer to Petition (Dkt. 7), Petitioner's pro se Reply (Dkt. 13), and Petitioner's supplemental reply (Dkt. 14). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the petition on the ground that it is time barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was convicted, *in absentia*, on December 3, 1987, in the Superior Court of Pima County of two counts of molestation of a child, six counts of sexual conduct with a minor under 15, and one count of sexual abuse with a minor under 15. (Dkt. 7, Ex. B at 2.) On May 10, 1988, he was sentenced to consecutive terms of seventeen years, twenty-eight years, and seven life terms without release for thirty-five years. (*Id.*, Ex. C.) Petitioner raised four claims on direct appeal: the trial court erred in admitting Petitioner's involuntary

1 statement; ineffective assistance of counsel at sentencing; the trial court erred by imposing such a severe sentence; and the trial court erred in denying Petitioner's motion for directed verdict. (*Id.*, Exs. D, E.) The Arizona Court of Appeals denied Petitioner's appeal on October 12, 1989. (*Id.*, Ex. F.) Petitioner did not seek further review. (Dkt. 1 at 4.)

It appears Petitioner filed a Notice of Post-conviction Relief (PCR) on May 3, 2004. (*See* Dkt. 7 at 3; Dkt. 13-2 at 27-31.) On March 24, 2005, Petitioner filed a PCR petition pursuant to Arizona Rule of Criminal Procedure 32. (Dkt. 7, Ex. G.) Petitioner raised one claim in that petition – ineffective assistance of counsel (IAC) for failure to advise Petitioner of his trial date, which cost him the opportunity to accept a plea offer. (*Id.* at 2.) On June 29, 2005, the PCR court denied relief on the merits. (*Id.*, Ex. H.) Petitioner petitioned for review of that decision to the Arizona Court of Appeals, which was granted. (*Id.*, Exs. I, J.) The court of appeals denied relief, finding the claim precluded under Arizona Rule of Criminal Procedure 32.2(a)(3) for failure to raise it earlier. (*Id.*, Ex. J.) Petitioner sought review in the Arizona Supreme Court, which was summarily denied on January 5, 2007. (*Id.*, Exs. K, L.)

## DISCUSSION

On January 4, 2008, Petitioner filed his present federal habeas petition. (Dkt. 1.) The petition alleges the following claims: ineffective assistance of counsel for failing to advise Petitioner of the trial date, which cost him the opportunity to accept a plea offer to a single count with a sentencing range of twelve to twenty-two years; the state courts' summary denial of his IAC claim without a hearing violated his right to due process.

**Statute of Limitations and Statutory Tolling**

The Antiterrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996. Under the AEDPA, federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created

2

>   by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In applying (d)(1)(A), the Court must assess when direct review of Petitioner's conviction and sentences became final. The Arizona Court of Appeals denied review on Petitioner's direct appeal on October 12, 1989, and his time to seek review in the Arizona Supreme Court expired thirty days later, on Monday, November 13, 1989.[1] Ariz. R. Crim. P. 31.19. Thus, the judgment against Petitioner became final for purposes of § 2244(d)(1)(A) on that date. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (assessing § 2244 finality in light of the Arizona rules), *cert. denied*, 129 S. Ct. 33 (2008); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001).

Because Petitioner's convictions were final prior to the AEDPA, the statute of limitations did not begin to run until the day after that statute was enacted, April 25, 1996. *See Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, Petitioner had until April 24, 1997, in which to file his petition. *See id.* Petitioner did not file his petition in this Court until January 4, 2008; therefore, it was untimely under § 2244(d)(1)(A).

Petitioner contends his PCR petition was timely under state rules and, therefore, the federal limitations period was statutorily tolled. *See* 28 U.S.C. § 2244(d)(2) (excepting from federal limitations period the time during which a proper state PCR proceeding is pending). Petitioner is correct that, because he was sentenced prior to 1992, there was no time limit for the filing of his first PCR petition in state court. (*See* Dkt. 7, Ex. J at 2 n.1.) However, his argument still fails because a timely state petition filed after the expiration of the federal limitations period does not reinitiate the federal period. *See Ferguson v. Palmateer*, 321 F.3d

---

[1] The thirty-day period expired on Saturday, November 11, 1989; therefore, Petitioner had until the following Monday to seek further review.

820, 823 (9th Cir. 2003). In *Ferguson*, the petitioner argued the one-year federal limitations period should not apply because the state rules allowed two years to file for post-conviction relief. *Id.* at 822. The court rejected petitioner's arguments, finding that petitioners seeking federal relief must comply with the federal rules and it would be unfair for prisoners in various states to be subject to different federal limitations periods. *Id.* at 823. *Ferguson* is squarely on point. Petitioner's circumstances, in which state rules allowed him to wait almost fifteen years before initiating a PCR proceeding, underscore the Ninth Circuit's concerns about the inequity that would arise if the federal one-year statute of limitations was not uniformly applied without reference to state rules. *Id.* Thus, Petitioner's 2004 PCR proceeding had no impact on the 1997 expiration of the federal statute of limitations.

Petitioner contends he satisfies § 2244(d)(1)(B) – suspending the limitations period while a State impediment precludes filing – because there were no reference materials regarding the AEDPA available until after January 8, 2002. The evidence upon which Petitioner relies is a memo written by Randy Howe and Greg McCarthy to Jim Morrow advising that a copy of the AEDPA should be kept on file in the prison libraries. (Dkt. 13-3 at 33.) The memo indicates that the AEDPA was available in prison libraries until August 1997, at which time it was removed. (*Id.*) Petitioner's limitations period expired in April 1997, prior to the asserted removal of § 2244 from the libraries. Therefore, its removal was not an impediment to timely filing. Further, the memo suggests, and Petitioner does not argue otherwise, that the statute was available after January 8, 2002; Petitioner did not file a federal petition within the year following its availability. Therefore, even if the time had begun to run in January 2002, Petitioner's petition did not satisfy § 2244(d)(1)(B)'s limitations period.

Petitioner also argues that he satisfies subsection D – limitations period begins when factual predicate of claim discovered – because he was unable to obtain his legal file until February 24, 2004. Based on the documents presented by Petitioner, and he does not argue to the contrary, he did not begin to request a copy of his legal file until February 2001 (Dkt. 13-2 at 68), eventually obtaining it in February 2004 (*id.* at 65). Section 2244(d)(1)(D)

begins to run from the time the factual predicate of a claim "could have been discovered through the exercise of due diligence." The requisite "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest" in developing a possible avenue for relief. *Johnson v. United States*, 544 U.S. 295, 308, 310 (2005) (finding defendant not diligent because he delayed three years in seeking to have a state court conviction vacated after it was used to enhance his federal sentence). Petitioner has known since prior to being sentenced that he was tried *in absentia*; thus, he had an interest in developing a claim that his counsel failed to inform him of the trial date since that time. Petitioner waited well over ten years before requesting the file; thus, Petitioner did not act with due diligence to obtain the file. Further, Petitioner has not alleged what he learned from reviewing his legal file that he had not or could not have previously discovered. Finally, even if a new one-year limitations period was triggered by the February 2004 receipt of his legal file, and the period was statutorily tolled in May 2004 when Petitioner initiated a PCR proceeding, more than two months elapsed prior to him filing his PCR petition and another twelve months elapsed from the denial of the PCR petition and the filing of his federal petition. Giving Petitioner all benefit of the doubt, he cannot satisfy (d)(1)(D).

**Equitable Tolling**

Respondents argue that, pursuant to *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360 (2007), the AEDPA is not subject to equitable tolling. In *Bowles*, the Supreme Court held the timely filing of an appeal in a civil case is a jurisdictional requirement. 127 S. Ct. at 2366. The Court reasoned that because federal statutes specify time limits on filing a notice of appeal and on extending the notice-of-appeal period, Congress intended to preclude appellate courts from exercising jurisdiction over otherwise legitimate cases when a certain period of time had elapsed from final judgment. *Id.*

As set forth above, the AEDPA establishes statutory time limits on when a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). On two occasions, the Supreme Court has denied certiorari on the issue of whether these limits are jurisdictional. *See David v. Hall*, 540 U.S. 815 (2003); *Flanders v. Graves*, 537 U.S. 1236 (2003). In 2007,

a few months prior to *Bowles*, the Supreme Court noted that it had never decided whether equitable tolling was available with respect to the AEDPA's statute of limitations. After *Bowles*, the Court cited an AEDPA case in holding that statutes of limitations are generally not jurisdictional but affirmative defenses subject to waiver. *John R. Sand & Gravel Co. v. United States*, 128 S. Ct. 750, 753 (2008) (citing *Day v. McDonough*, 547 U.S. 198, 202 (2006)). Accordingly, whether the AEDPA is subject to equitable tolling remains an open question. The Ninth Circuit Court of Appeals has found equitable tolling applicable to the AEDPA post-*Bowles*. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009) (citing *Diaz v. Kelly*, 515 F.3d 149, 153-54 (2d Cir.), *cert. denied*, 129 S. Ct. 168 (2008); *Harris v. Carter*, 515 F.3d 1051, 1054 n.4 (9th Cir.), *cert. denied*, 129 S. Ct. 397 (2008)).

This Court need not resolve the issue because, assuming equitable tolling remains viable after *Bowles*, Petitioner does not satisfy the requirements for tolling. For equitable tolling, a petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The threshold for equitable tolling is very high and it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)).

Petitioner contends his diligence is evidenced by his timely direct appeal and his lengthy attempts to obtain his counsel's file. The Court disagrees. More than ten years elapsed between the denial of Petitioner's direct appeal in 1989 and his initial 2001 attempts to obtain his legal file. This does not evince diligent pursuit of his rights.

Petitioner argues that the statutory arguments discussed above – lack of access to the AEDPA and his counsel's files – constitute extraordinary circumstances warranting equitable tolling. Because the AEDPA statute of limitations was available in the law library during Petitioner's one-year limitations period and he did not attempt to obtain his legal file until long after the limitations period had run, neither of those assertions constitute extraordinary

circumstances. *See Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir.) (requiring a causal connection between "extraordinary circumstance" and failure to timely file), *amended*, 447 F.3d 1165 (9th Cir. 2006). Petitioner also argues as extraordinary circumstances his lack of legal knowledge and ineffective counsel. Independent of Petitioner's difficulty in obtaining his legal file, which is addressed above, alleged ineffectiveness of counsel at some prior time did not prevent Petitioner from timely filing in this Court; therefore, it does not warrant equitable tolling. *See id.* Further, pro se status alone does not warrant equitable tolling, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), nor does "lack of legal sophistication," *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner has not demonstrated an extraordinary circumstance prevented him from timely filing nor that he diligently pursued his rights; therefore, he is not entitled to equitable tolling.

The petition is untimely pursuant to 28 U.S.C. § 2254(d)(1), and Petitioner has not established entitlement to statutory or equitable tolling. Accordingly, the petition is time-barred.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-08-015-TUC-DCB**.

DATED this 19th day of May, 2009.

D. Thomas Ferraro
United States Magistrate Judge