**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Robert William Dutcher, | ) | CV-08-015-TUC-DCB |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| Robert Stewart, et al., | ) | **ORDER** |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the local rules of practice of this Court for a Report and Recommendation (R&R) on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Before the Court is the Magistrate Judge's Report and Recommendation, which recommends that the Petition be denied and dismissed. The Petitioner filed Objections to Report and Recommendation and the Respondents filed a Response to Objections.

**PETITIONER'S OBJECTIONS**

Petitioner objects to the Report and Recommendation because: (1) "There is nothing in the controlling statute setting forth the period of time in which a person in custody in a state court is required to file for post-conviction relief", (Objections at 2); and (2) "Although not previously put before this Honorable Court, Petitioner was mentally unable to pursue relief in any court...Petitioner now asserts that his

mental health coupled with the lack of reference materials and inability to obtain his legal file demonstrate adequate diligence and extraordinary circumstances to permit equitable tolling." (Objections at 4-5.)

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

Petitioner must file a federal habeas petition in a district court within 1 year of the conviction's finality, and not a single day of that 1-year period will be deemed to have run during *any* period in which a properly filed application for State post-conviction relief remained "pending" in State court under § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 172–74 (2001). That Petitioner timely applied for State post-conviction relief *after* the federal limitations period ended cannot transform that limitations period into something that unfairly closes the federal courthouse doors. *Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003). Petitioner's objection contradicts the explicit language of § 2244(d)(2) that tolls the federal 1-year limitations period for a properly filed post-conviction petition that is "pending" during the federal limitations period. That Petitioner properly and timely filed his post-conviction petition *after* the federal limitations period expired means that the federal limitations period did, in fact, expire. *See Ferguson*, 321 F.3d at 823. This objection is meritless.

The documentation attached to the Objections does not account for the period of time in which Petitioner seeks equitable tolling (April 24, 1997 through May 3, 2004). In addition, a review of the entire record

before the Court belies the assertions of mental health issues and inability to obtain records. Petitioner has not satisfied his burden to prove equitable tolling.

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. No. 18) in its entirety. The Objections raised by the Petitioner are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is DENIED and this action is DISMISSED with prejudice. Final Judgment to enter separately. This action is closed.

DATED this 6th day of July, 2009.

David C. Bury
United States District Judge